HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH LATIMER,

        Plaintiff,

v.

STEVEN HAMMOND, et al.,

        Defendants.

CASE NO. C18-5884 RBL

ORDER

THIS MATTER is before the Court on Plaintiff Latimer's Motion for Leave to proceed *in forma pauperis*, supported by his proposed civil rights complaint [Dkt. # 1]. Latimer has also filed a Declaration regarding his indigency. He claims an annual income of $40,000, resulting in monthly take home pay of $3500.

The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

Latimer has failed to provide evidence of indigency sufficient to merit leave to proceed *in forma pauperis*. Despite substantial monthly expenses and no savings, Latimer's employment

| | |
|---|---|
| 1 | provides him $3,500 monthly. He also apparently has assets including a car and a motorcycle. |
| 2 | The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently |
| 3 | demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals |
| 4 | with no assets, and persons who are unemployed and dependent on government assistance. *See,* |
| 5 | *e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting |
| 6 | petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS |
| 7 | 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated |
| 8 | individual on condition that applicant provides monthly payments towards filing fee). |
| 9 | It does not include those whose access to the court system is not blocked by their |
| 10 | financial constraints, but rather are in a position of having to weigh the financial constraints |
| 11 | pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. |
| 12 | Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP |
| 13 | because petitioner and his wife had a combined annual income of between $34,000 and |
| 14 | $37,000). Latimer concedes he has a $40,000 annual income. He has failed to demonstrate a level |
| 15 | of economic necessity similar to those who have received IFP status. |
| 16 | For this reason, Latimer's Motion for Leave to Proceed *in forma pauperis* [Dkt. #1] is |
| 17 | DENIED. He shall pay the filing fee or voluntarily dismiss his claims within 21 days of this |
| 18 | order. Otherwise, this matter will be dismissed without further notice. |
| 19 | IT IS SO ORDERED. |
| 20 | Dated this 9th day of November, 2018. |
| 21 | |
| 22 | *[signature]* |
| 23 | Ronald B. Leighton<br>United States District Judge |
| 24 | |